[Civ. No. 19382.   Second Dist., Div. Three.   Apr. 21, 1953.]

ENTERPRISE DEVELOPMENT CORPORATION (a Corporation), Respondent, v. CHARLES TERRY, Appellant.

Larwill & Wolfe for Appellant.

John S. Bolton and F. V. Lopardo for Respondent.

SHINN, P. J.—Charles Terry, doing business as Interstate Rubber Products Company, holding a license agreement to manufacture a rubber device called a "Traffic Safety Cone," granted to Enterprise Development Company the exclusive right to sell the cones in certain territories, and also agreed to manufacture, sell and deliver to Enterprise such cones as it might order. Enterprise agreed that during each three months it would take a minimum of 10,000 cones and sell them to its customers for at least 50 per cent above prices

paid to Terry. The agreement provided that Terry was to fix the prices of cones sold to Enterprise, and that he would not change them except upon 30 days' notice. The agreement was entered into in January, 1949. On June 12, 1950, Terry notified Enterprise that commencing July 20, 1950, the price of the cones would be raised according to a schedule attached to the notice. The court found that prior to July 20th Enterprise ordered 14,979 cones; 3,465 were delivered prior to July 20th, and 1,749 were delivered after July 20th, all at prices prevailing before that date; Terry refused to deliver 9,765 cones except at the increased price. Prior to July 20th Enterprise had committed itself to deliver all said cones, and in order to fill its commitments paid Terry the increased price for said 9,765 cones upon the condition that the sum in dispute, amounting to $2,974.50, be deposited in bank, to be paid over in accordance with a judgment declaring the rights of the parties. The money was deposited and Enterprise was given judgment that it was entitled to the money, and also a personal judgment against Terry for the same amount.

It is stated in appellant's brief that the question involved is whether a completed sale of the articles took place at the time Enterprise ordered the cones, or at the time they were actually manufactured and delivered. It is argued that the order, although accepted by defendant, was a mere executory contract to sell the goods when they actually came into existence, and since they were not delivered, and title did not pass, until after July 20th, they must be paid for at the new prices. This was evidently Terry's idea at the time, but he did not realize the extent of his obligation under the agreement, which was "to manufacture, sell and deliver promptly" to plaintiff all the cones plaintiff should order. He accepted the orders for the 14,979 cones and was obliged to manufacture and deliver them promptly. He did not accept the orders conditionally, nor advise plaintiff they would not be filled at the prices prevailing at that time. Plaintiff was receiving orders from customers and giving defendant orders from time to time as required by its commitments. The provision that Terry would not change his prices except upon 30 days' notice was clearly for the protection of plaintiff, his distributor. If defendant, after having raised the prices, could delay performance and thereby gain the advantage of the new prices after they had gone into effect, plaintiff would have had no protection whatever with respect to commitments it had made

at the current prices. The new prices applied only to orders accepted by Terry after the effective date of the notice of increase in prices. The facts found established plaintiff's right to receive the money on deposit.

Defendant says the court should not have rendered a personal judgment against him in addition to declaring that the money on deposit should be paid to plaintiff. His criticism is well founded. Plaintiff did not pray for a personal judgment, nor was it entitled to one.

The judgment is modified to declare only that plaintiff shall receive the money on deposit, plus any interest earned on the deposit, and its costs, and as modified is affirmed; respondent to recover costs.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied May 11, 1953, and appellant's petition for a hearing by the Supreme Court was denied June 18, 1953.